# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE BAREFIELD,<br><br>PLAINTIFF,<br><br>v.<br><br>TESLA INC.; AND,<br>DOES 1 THROUGH 25, INCLUSIVE,<br><br>DEFENDANTS, | CASE NO.: 2:24-CV-02856<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brooke Barefield ("Ms. Barefield" or "Plaintiff") for her complaint against defendants Tesla Inc. ("Tesla") and DOES 1-25 alleges as follows:

## NATURE OF ACTION

1. Ms. Barefield was employed by Defendant from August 9, 2021 to December 1, 2023. Ms. Barefield is a Black woman.

2. Plaintiff served as a Human Resources Business Partner. Plaintiff worked in California and Georgia.

3. Plaintiff is a highly experienced and dedicated employee who has consistently shown exemplary performance.

4. Plaintiff was subjected to discrimination based on her race. After an employee made a false complaint due to Plaintiff's race, Defendant failed to properly investigate the matter and terminated Plaintiff.

5. Plaintiff brings this lawsuit against Tesla to recover all equitable and monetary relief available under the law – including economic, compensatory and punitive damages, as well as interest, attorneys' fees and costs – for race discrimination in violation of 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the California Fair Employment and Housing Act ("FEHA"), and the California Business and Professions Code.

## THE PARTIES

6. Plaintiff resided in Los Angeles County in the State of California until June 24, 2023.

7. Tesla operates a globally-recognized technology company who sells motor vehicles.

8. Tesla operates a corporate office in the State of California.

9. At all times material hereto, Tesla has been Plaintiff's "employer" within the meaning of Title VII and FEHA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On January 4, 2024, Plaintiff submitted a charge of racial discrimination and with the Equal Employment Opportunity Commission (EEOC) against Tesla.

11. On January 9, 2024, the EEOC issued a Determination and Notice of Rights to Plaintiff, so that she could file this lawsuit with this Court under Title VII. This lawsuit has been filed within 90 days after the EEOC issued the Determination and Notice of Rights.

12. On April 8, 2024, Plaintiff timely filed a charge of discrimination with the California Civil Rights Department ("CRD"), which issued a Notice of Case Closure and Right to Sue for all state law discrimination claims alleged herein.

## JURISDICTION AND VENUE

13. The causes of action which form the basis for this lawsuit arise under 42 U.S.C. § 1981, Title VII, FEHA, and the Business and Professions Code.

14. This Court has jurisdiction over Plaintiffs' § 1981 and Title VII claims pursuant to 28 U.S.C. § 1331, and the Court may exercise supplemental jurisdiction over the claims under FEHA and the Business and Professions Code, pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the

unlawful employment practices and conduct set forth herein, occurred in this District.

## FACTUAL ALLEGATIONS

16. Ms. Barefield began her employment with Tesla on August 9, 2021 as a Human Resources Business Partner. Ms. Barefield had extensive experience in Human Resources.

17. In her employment, Ms. Barefield was never disciplined and received only satisfactory performance reviews.

18. In the first two weeks of April 2023, Ms. Barefield held "coffee chats" with managers. Ms. Barefield held a coffee chat with Linda Martin, a manager in Brandon, Mississippi. This call was only between Ms. Barefield and Ms. Martin.

19. The coffee chat was unremarkable and there was no discussion of race, apart from Ms. Martin sharing an experience she had in which she had been told "us whites have to stick together when Mexicans are coming for our jobs" and Ms. Martin had explained to the commenter that she was Mexican.

20. On June 19, 2023, Ms. Barefield was investigating loss prevention involving Ms. Martin. During this investigation, Ms. Barefield was professional.

21. Soon after, Ms. Martin contacted Ms. Barefield's manager and complained that Ms. Barefield had been "combative" and "aggressive," stereotypes

commonly assigned to Black women. Ms. Barefield's manager affirmed that Ms. Barefield had been professional in conducting the investigation.

22. Ms. Barefield's employment passed without incident, until in August when she was notified that she was under investigation for comments she allegedly made to Ms. Martin during the April coffee chat.

23. Ms. Barefield was questioned if she asked Ms. Martin if she was white. Ms. Barefield stated that she did not. Ms. Martin accused Ms. Barefield of telling her "I'm surprised that you're so nice being from Mississippi, being all the confederate flags and slavery." Ms. Barefield stated she never made any comment of this nature.

24. Ms. Martin made these allegations against Ms. Barefield due to Ms. Barefield's race.

25. Ms. Barefield discussed with the investigator the coffee chat, her subsequent investigation of Ms. Martin for loss prevention, and Ms. Martin's complaints.

26. Suddenly, on November 30, 2023, Tesla notified Ms. Barefield that she would be terminated, effective December 1, 2023. Ms. Barefield was told that the investigation into Ms. Martin's complaints had found Ms. Barefield to be in violation of Tesla's anti-harassment and bullying policy. Ms. Barefield was shocked.

27. Ms. Barefield contacted Tesla to ask how she violated Tesla's policies. Human Resources informed Ms. Barefield that the investigation had substantiated that she had asked Ms. Martin if she was white and said she did not look Mexican. Ms. Barefield was confused, as the call had only been her and Ms. Martin and Ms. Barefield made no comments concerning Ms. Martin's race. Ms. Barefield believes this finding was due to her being a Black woman.

28. Ms. Barefield attempted to dispute the investigation, but was told by Tesla that the investigation was already "closed out."

29. Ms. Barefield lost considerable Tesla stock that was due to vest on December 5, 2023, four days following her termination.

30. The inexplicable conduct described above, which is egregious and was condoned by Defendants, demonstrates a willful and reckless disregard for Plaintiff's rights, and has caused and will continue to cause her humiliation, embarrassment, physical illness, pain and suffering, as well as damage to his reputation and career.

## FIRST CAUSE OF ACTION

## (Race Discrimination Under 42 U.S.C. § 1981)

31. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

32. As described above, Defendants' employment decisions and conduct concerning Plaintiff, are based on her race, in a violation of 42 U.S.C. § 1981.

33. Tesla was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under § 1981 for the unlawful conduct toward Plaintiff.

34. As a direct and proximate result of Defendants' unlawful conduct toward Plaintiff in violation of § 1981, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

35. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under § 1981, and this conduct warrants the imposition of punitive damages.

36. Plaintiffs is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## SECOND CAUSE OF ACTION

### (Race Discrimination Under Title VII)

37. Plaintiffs incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

38. As described above, Defendants' employment decisions and conduct concerning Plaintiff is based on her race, in a violation of Title VII.

39. Tesla was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

40. As a direct and proximate result of Defendants' unlawful conduct toward Plaintiff in violation of Title VII, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

41. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## THIRD CAUSE OF ACTION

### (Discrimination on the Basis of Race in Violation of FEHA)

43. All factual allegations of this complaint are re-alleged and incorporated by reference.

44. At all relevant times herein, Defendant Tesla, was and is an employer within the meaning of the California Fair Employment and Housing Act ("FEHA"). FEHA prohibits an employer from discriminating against an employee on the basis of race.

45. As alleged herein, Plaintiff was subjected to differential treatment based on her race in that she was falsely accused of engaging in misconduct and Defendant did not properly investigate this matter.

46. As alleged herein, Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, treat Plaintiff in a disparate manner, fail to investigate complaints against Plaintiff, and/or to take other adverse job actions against Plaintiff. Thus, Defendants discriminated against Plaintiff because of her race in violation of California Government Code section 12926(o).

47. As a direct and proximate result of the wrongful unemployment practices of Defendants as alleged hereinabove, Plaintiff has sustained substantial losses in earnings and other benefits in an amount according to proof at the time of

trial.

48. As a further direct and proximate result of Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer humiliation, lack of self-confidence, embarrassment, physical symptoms, emotional distress and mental anguish, all to her damage in an amount according to proof at the time of trial.

49. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in the conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

50. Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code section 12965(b).

## FOURTH CAUSE OF ACTION

**(Failure to Prevent Discrimination in Violation of FEHA)**

51. All factual allegations of this complaint are re-alleged and incorporated by reference.

52. At all relevant times herein, Defendant was Plaintiff's employer within the meaning of the FEHA, and as such, was barred from: permitting a harassing or discriminatory work environment, as set forth in California

Government Code § 12940, et seq.

53. Pursuant to the FEHA, Defendant was required to take reasonable steps to prevent harassment and discrimination as mandated by California Government Code § 12940(k). Defendant failed to take all reasonable steps necessary to prevent discrimination from occurring.

54. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

55. As a further direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from humiliation, embarrassment, emotional distress and mental anguish, all to her damage in an amount according to proof at the time of trial.

56. In committing the unlawful employment acts herein alleged, Defendants acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

57. Plaintiff is entitled to costs and reasonable attorney's fees pursuant to California Government Code §12965(b).

## FIFTH CAUSE OF ACTION

### (Wrongful Termination)

58. All factual allegations of this complaint are re-alleged and incorporated by reference.

59. At all relevant times herein, Defendant was Plaintiff's employer within the meaning of FEHA, and as such, was prohibited from terminating Plaintiff's employment for reasons that violate public policy.

60. Defendants terminated Plaintiff's employment for reasons that violate public policy in that Defendants unlawfully terminated Plaintiff due to her race. Defendants' wrongful actions were in violation of California law, the California Constitution, and public policy.

61. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

62. As a further direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer humiliation, lack of self-confidence, embarrassment, emotional distress and mental anguish, all to her damage in an amount according to proof at the time of trial.

63. In doing the acts herein alleged, Defendant, by and through its officers, directors, employees, servants and agents, acted with oppression, fraud,

and malice and in conscious disregard of the rights of Plaintiff. Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### (Defamation)

64. All factual allegations of this complaint are re-alleged and incorporated by reference.

65. Plaintiff is informed and believes by the herein described acts, Defendant negligently, recklessly, and intentionally caused publications of defamation, of and concerning Plaintiff. Defendant claimed and continues to claim that Plaintiff engaged in misconduct, when she did not. Under California law, Defendant is liable for the acts of defamation.

66. These statements have severely damaged Plaintiff's reputation and have caused special damages.

67. The above defamatory statements were understood as assertions of fact, and not as opinion. These statements were all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including her own compelled self-publication of these defamatory statements.

68. The foregoing published statements is not privileged or was motivated

by malice.

69. None of the Defendant's, and Does 1 through 25, and each of their defamatory publications against Plaintiff referenced above are true.

70. As a proximate result of the Defendant's, and Does 1 through 25, and each of their, aforementioned wrongful conduct, Plaintiff has suffered and continues to suffer grave emotional distress, including embarrassment, fear, humiliation and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

71. The wrongful conduct of the defendants was willful, wanton, reckless, and/or malicious and done in conscious disregard of the rights of Plaintiff therefore entitling her to punitive and exemplary damages.

## SEVENTH CAUSE OF ACTION

**(Violation of Business Professions Code § 17200)**

72. Plaintiff incorporates by reference and re-alleges each and every one of the allegations of this Complaint as though fully set forth herein.

73. Defendants have engaged in unfair business practices in California by terminating Plaintiff only four days prior to her stock vesting. Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

74. If Defendants are not enjoined from the unlawful conduct described above, Defendants will continue unabated in their unlawful conduct, which will continue to result in irreparable injury to members of the general public, including, but not limited to other employees of Defendants, and for which there is no adequate remedy at law. Thus, Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against Tesla Inc., and DOES 1-25, and grant to her the following relief:

A. A declaratory judgment that the actions, conduct and practices of United complained of herein violate 42 U.S.C. § 1981, Title VII, FEHA, and the Business and Professions Code.

B. An award for all economic damages to be determined at trial, plus pre- judgment interest, to compensate Plaintiff for the unlawful conduct;

C. An award for all compensatory damages to be determined at trial, plus pre- judgment interest, to compensate Plaintiff for any future pecuniary losses, and her emotional distress, pain, suffering, inconvenience, mental

anguish, stress, anxiety, humiliation, embarrassment, loss of enjoyment of life, physical illness and other nonpecuniary losses as allowable;

D.    An award for punitive damages under 42 U.S.C. § 1981, Title VII, FEHA, and the Business and Professions Code in an amount to be determined at trial;

E.    An award for the costs incurred in this lawsuit, together with reasonable attorneys' fees; and

F.    An award for such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact, her claims, and damages herein.

Dated: April 8, 2024

**EQUAL RIGHTS LAW GROUP, INC.**

By _____
**MIKA HILAIRE, ESQ.**
Attorneys for Plaintiff,
BROOKE BAREFIELD